NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10135 |
| Plaintiff-Appellee, | D.C. No. 3:08-cr-00897-GMS-4 |
| v. | |
| MARTINEZ JASON GISHIE, AKA Martinez J Gishie, | MEMORANDUM* |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10136 |
| Plaintiff-Appellee, | D.C. No. 2:15-cr-00741-GMS-1 |
| v. | |
| MARTINEZ JASON GISHIE, AKA Martinez J Gishie, | |
| Defendant-Appellant. | |

Appeals from the United States District Court
for the District of Arizona
G. Murray Snow, District Judge, Presiding

Submitted March 2, 2020**

---

*       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes these cases are suitable for decision

Phoenix, Arizona

Before: CLIFTON, OWENS, and BENNETT, Circuit Judges.

Martinez Gishie appeals from the district court's revocations of his supervised release. We have jurisdiction under 28 U.S.C. § 1291. As the parties are familiar with the facts, we do not recount them here. We dismiss No. 19-10135 as moot. We vacate and remand in No. 19-10136.

1.      The parties agree that No. 19-10135 is moot because for that revocation of supervised release Gishie has been released from custody and has no further supervised release. *See United States v. King*, 891 F.3d 868, 869-70 (9th Cir. 2018) (holding that the defendant's unconditional release from custody mooted his challenge to his allegedly erroneous revocation of supervised release). Thus, we dismiss No. 19-10135.

2.      For No. 19-10136, Gishie argues that the revocation of his supervised release violated his due process right to confront witnesses against him. A defendant has a due process right to confront and cross-examine adverse witnesses at a supervised released revocation hearing, unless the government shows good cause for not producing the witnesses. *See United States v. Comito*, 177 F.3d 1166, 1170 (9th Cir. 1999). On appeal, the government concedes that the district

without oral argument. *See* Fed. R. App. P. 34(a)(2).

2

court failed to conduct the requisite balancing test, and Gishie's right to confrontation outweighed the government's good cause for denying it.

Contrary to the government's contention, the due process violation was not "harmless beyond a reasonable doubt." *Id.* The district court found that Gishie violated his supervised release based on Gishie's probation officer's testimony regarding hearsay statements by (1) Gishie's prior probation officer, (2) Gishie's girlfriend, (3) the owner of the Squawberry house, and (4) police officers. Without the hearsay evidence, there was insufficient support that Gishie was living at the Squawberry house and had therefore violated his supervised release condition to notify probation of a change in his living arrangement. *See id.* at 1170-71, 1173.

Thus, for No. 19-10136, the district court's order revoking Gishie's supervised release is vacated, and the case is remanded for further proceedings.

**No. 19-10135: DISMISSED AS MOOT.**

**No. 19-10136: VACATED AND REMANDED.**